OPINION
{¶ 1} Appellant, Cristi Lynn Dyer, the mother of J.E., appeals from a judgment of the juvenile court terminating Appellant's parental rights and placing J.E. in the permanent custody of the Clark County Department of Job and Family Services ("CCDJFS").
 {¶ 2} In June of 2005, CCDJFS conducted an investigation *Page 2 
regarding J.E.'s sister, who was alleged to be a shaken baby. At the time, Appellant had four children in her home, including J.E. All four of Appellant's children were removed from the home during the investigation. The investigation into whether J.E.'s sister was a shaken baby led to allegations that both Appellant's boyfriend and Appellant's stepfather had sexually abused J.E. Appellant's boyfriend admitted to shaking J.E.'s sister and to digitally penetrating J.E. Temporary custody of J.E. was awarded to CCDJFS on June 15, 2005.
 {¶ 3} A case plan was created for Appellant that required her to complete a psychological evaluation and attend medical and school appointments for J.E. The goal of the plan was Appellant's reunification with J.E. The psychologist who performed the parenting psychological evaluation recommended that Appellant attend individual counseling to address the sexual abuse that Appellant endured from her stepfather. Appellant attended only three sessions and did not successfully complete the counseling.
 {¶ 4} While J.E. was in the custody of CCDJFS, Appellant had in-home visitation with J.E. In December of 2006, supervised visitation was ordered due to reports that Appellant had allowed her mother to take J.E. around *Page 3 
Appellant's stepfather. CCDJFS filed a motion for permanent custody of J.E. on November 27, 2006. Following a hearing, the juvenile court granted permanent custody of J.E. to CCDJFS on May 17, 2007. Appellant filed a timely notice of appeal.
FIRST ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED BY FINDING THAT THE AGENCY HAD MADE REASONABLE EFFORTS TO ELIMINATE THE REMOVAL OF THE CHILD FROM THE HOME AND TO MAKE IT POSSIBLE FOR HER TO RETURN."
 {¶ 6} A trial court may not grant a permanent custody motion unlessclear and convincing evidence supports it. "Clear and convincing evidence" requires that the proof produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established. In re Adoption of Holcomb (1985), 18 Ohio St.3d 361, 368,481 N.E.2d 613, citing Cross v. Ledford (1954), 161 Ohio St. 469.
 {¶ 7} While a parent has a fundamental liberty interest in the care,custody, and management of her child and an essential and basic civilright to raise her children, the parent's rights are not absolute.Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388,71 L.Ed.2d 599; In re Murray (1990), 52 Ohio St.3d 155, 156. Rather, "`it is plainthat the natural rights of a parent . . . are always subject to theultimate welfare of the child, which is the polestar or controllingprinciple to be observed.'" In re Cunningham (1979), 59 Ohio *Page 4 St.2d 100, 106, quoting In re R.J.C. (Fla.App. 1974), 300 So.2d 54,58.
 {¶ 8} A children services agency that has been awarded temporarycustody of a child may move for permanent custody. R.C. 2151.413(A).Before the court may award the agency permanent custody of a child, thecourt must conduct a hearing. R.C. 2151.414(A)(1).
 {¶ 9} A trial court may not grant a permanent custody motion unlessthe court determines that (1) it is in the best interest of the child togrant the agency permanent custody, and (2) one of the conditions setforth in R.C. 2151.414(B)(1)(a)-(d) exists. R.C. 2151.414(B)(1)provides, in pertinent part:
 {¶ 10} "Except as provided in division (B)(2) of this section, thecourt may grant permanent custody of a child to a movant if the courtdetermines at the hearing held pursuant to division (A) of this section,by clear and convincing evidence, that it is in the best interest of thechild to grant permanent custody of the child to the agency that filedthe motion for permanent custody and that any of the followingapply:
 {¶ 11} "(a) The child is not abandoned or orphaned or has not been inthe temporary custody of one or more public children services agenciesor private child placing agencies for twelve or more months of aconsecutive twenty-two month period ending on or after March 18, 1999,and the child cannot be placed with either of the child's parents withina reasonable time or should not be placed with the child's parents.
 {¶ 12} "(b) The child is abandoned. *Page 5 
 {¶ 13} "(c) The child is orphaned, and there are no relatives of thechild who are able to take permanent custody.
 {¶ 14} "(d) The child has been in the temporary custody of one or morepublic children services agencies or private child placing agencies fortwelve or more months of a consecutive twenty-two month period ending onor after March 18, 1999."
 {¶ 15} Appellant argues that the trial court erred in findingthat CCDJFS made reasonable efforts to eliminate the removal of thechild from the home and make it possible for her to return pursuant toR.C. 2151.414(E)(1). Specifically, Appellant argues that CCDJFSfailed to properly communicate with Appellant and failed to includeparenting time in the case plan when it was obvious to the evaluatingdoctor that it was needed. In essence, Appellant challenges the trialcourt's finding that J.E. could not be placed with either of J.E.'sparents within a reasonable time or should not be placed with J.E.'sparents.
 {¶ 16} In order to determine whether a child can be placed with eitherof the child's parents within a reasonable time, a trial court mustconsider R.C. 2151.414(E), which provides, in pertinent part:
 {¶ 17} "In determining at a hearing held pursuant to division (A) ofthis section or for the purposes of division (A)(4) of section 2151.353of the Revised Code whether a child cannot be placed with either parentwithin a reasonable period of time or should not be placed with theparents, the court *Page 6 shall consider all relevant evidence. If the court determines, by clearand convincing evidence, at a hearing held pursuant to division (A) ofthis section or for the purposes of division (A)(4) of section 2151.353of the Revised Code that one or more of the following exist as to eachof the child's parents, the court shall enter a finding that the childcannot be placed with either parent within a reasonable time or shouldnot be placed with either parent:
 {¶ 18} "(1) Following the placement of the child outside the child'shome and notwithstanding reasonable case planning and diligent effortsby the agency to assist the parents to remedy the problems thatinitially caused the child to be placed outside the home, the parent hasfailed continuously and repeatedly to substantially remedy theconditions causing the child to be placed outside the child's home. Indetermining whether the parents have substantially remedied thoseconditions, the court shall consider parental utilization of medical,psychiatric, psychological, and other social and rehabilitative servicesand material resources that were made available to the parents for thepurpose of changing parental conduct to allow them to resume andmaintain parental duties.
 {¶ 19} "* * *
 {¶ 20} "(4) The parent has demonstrated a lack of commitment towardthe child by failing to regularly support, visit, or communicate withthe child when able to do so, or by other actions showing anunwillingness to provide an adequate permanent home for the child. *Page 7 
 {¶ 21} "* * *
 {¶ 22} "(14) The parent for any reason is unwilling to provide food,clothing, shelter, and other basic necessities for the child or toprevent the child from suffering physical, emotional, or sexual abuse orphysical, emotional, or mental neglect."
 {¶ 23} Whether the agency formulated a reasonable case plan for the parent(s) and made diligent efforts to assist the parent(s) to substantially remedy the problems that led to the temporary custody order is relevant to a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with the parents. R.C. 2151.414(E)(1). However, that finding is necessary to a permanent custody order only when the child had not been in the agency's temporary custody for twelve or more months of a consecutive twenty-two month period. R.C. 2151.414(B)(1)(a). When the child has been in the agency's temporary custody for at least twelve months of the 22 months preceding the conclusion of the hearing required by R.C. 2151.414(A), per R.C. 2151.414(B)(1)(d) the court is directed to grant permanent custody to the agency if it finds by clear and convincing evidence that permanent custody is in the child's best interest, applying the factors in R.C. 2151.414(D)(1)-(5). *Page 8 
 {¶ 24} In the present case, temporary custody was ordered on June 15, 2005. The child remained in temporary custody, continuously, through the date of the final hearing, on April 27, 2007. That time span included over 22 calendar months, in excess of the consecutive 12 months contemplated by R.C. 2151.414(B)(1)(d). Because the court could have ordered permanent custody on that basis had it found that permanent custody is also in the child's best interest, a finding which we address in the second assignment of error below, any error the court may have committed in finding that CCDJFS's case plan was reasonable and CCDJFS's efforts to assist Appellant in completing the case plan were reasonable are necessarily harmless.
 {¶ 25} R.C. 2151.414(E) provides that a finding by clear and convincing evidence that any of the circumstances in R.C.2151.414(E)(1)-(16) exist requires the juvenile court to make a finding that the child cannot be placed with either parent within a reasonable amount of time or should not be placed with either parent. Appellant argues that the trial court's finding under R.C. 2151.414(E)(1) was erroneous. But the trial court also found that Appellant demonstrated a lack of commitment under R.C. 2151.414(E)(4), and an unwillingness under R.C. 2151.414(E)(14), and that J.E.'s father had *Page 9 
abandoned J.E. under R.C. 2151.414(E)(10). Appellant has not challenged the findings under R.C. 2151.414(E)(4), (10), and (14). Because the circumstances described in R.C. 2151.414(E)(4), (10), and (14) are sufficient to require the trial court to find that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent, any error the trial court may have made under R.C. 2151.414(E)(1) is harmless.
 {¶ 26} The first assignment of error is overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 27} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT FOUND THAT THERE WAS CLEAR AND CONVINCING EVIDENCE THAT THE CHILDREN'S BEST INTERESTS WOULD BE SERVED BY A PERMANENT CUSTODY AWARD OF THE AGENCY."
 {¶ 28} R.C. 2151.414(D) requires a trial court to consider specific factors to determine whether a child's best interests would be served by granting a children services agency permanent custody. R.C. 2151.414(D) provides that:
 {¶ 29} "In determining the best interest of a child at a hearing heldpursuant to division (A) of this section or for the purposes of division(A)(4) or (5) of section 2151.353 or division (C) of section 2151.415 ofthe Revised Code, the court shall consider all relevant factors,including, but not limited to, the following: *Page 10 
 {¶ 30} "(1) The interaction and interrelationship of the child withthe child's parents, siblings, relatives, foster caregivers andout-of-home providers, and any other person who may significantly affectthe child;
 {¶ 31} "(2) The wishes of the child, as expressed directly by thechild or through the child's guardian ad litem, with due regard for thematurity of the child;
 {¶ 32} " (3) The custodial history of the child, including whether thechild has been in the temporary custody of one or more public childrenservices agencies or private child placing agencies for twelve or moremonths of a consecutive twenty-two month period ending on or after March18, 1999;
 {¶ 33} "(4) The child's need for a legally secure permanent placementand whether that type of placement can be achieved without a grant ofpermanent custody to the agency;
 {¶ 34} "(5) Whether any of the factors in divisions (E)(7) to (11) ofthis section apply in relation to the parents and child."
 {¶ 35} The trial court found that it was in the best interest of J.E. to grant permanent custody to CCDJFS for the following reasons:
 {¶ 36} "a. There is a reasonable probability that this child can be adopted. The child has lived in legal limbo for many months. The child would benefit greatly from a permanent, secure home.
 {¶ 37} "b. The child has had no regular and meaningful *Page 11 
contact with her biological family.
 {¶ 38} "c. There is no probability that the parents will be able to provide a safe, secure and appropriate home for the child any time soon.
 {¶ 39} "d. The Guardian ad Litem for the child recommended that the motion for permanent custody be granted.
 {¶ 40} "e. Neither parent has substantially remedied the conditions that caused removal of this child.
 {¶ 41} "f. There are no known or interested relatives on either side of the family that can care for the child.
 {¶ 42} "g. The wishes of the child as expressed directly to the Guardian ad Litem indicate a strong desire to be placed in a loving, secure, permanent home that neither parent can provide.
 {¶ 43} "h. There is no safe, appropriate, harmonious and loving relationship between the child and the child's parents or extended family. The child will benefit from continued removal from the birth families. There is no indication of a significant risk or harm to the child by not returning the child to the parent. In fact, the evidence is clear that the child will benefit significantly if the child is not returned to either parent." Decision (Docket #47), p. 8.
 {¶ 44} The juvenile court considered all of the relevant *Page 12 
evidence in making its determination that an award of permanent custody to CCDJFS was in J.E.'s best interests. The record contains some credible and competent evidence to support the juvenile court's finding. For example, Appellant conceded that she failed to complete the counseling required in the case plan. Yet she never requested any changes in the case plan. Further, during the over twenty-two months of temporary custody by CCDJFS, Appellant failed to meet the needs of J.E., and on certain occasions allowed J.E. to be in the presence of her maternal grandparents despite knowledge that such contact with the maternal grandparents was devastating and emotionally harmful to J.E. Also, Appellant often failed to have meaningful visitation with J.E. during the temporary custody by CCDJFS, instead concentrating on using a computer rather than the needs of J.E.
 {¶ 45} On this record we cannot find that the juvenile court abused its discretion in awarding permanent custody of J.E. to CCDJFS. The second assignment of error is overruled. The judgment of the trial court will be affirmed.
BROGAN, J. and GLASSER, J., concur.
(Hon. George M. Glasser, retired from the Sixth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1